JUSTICE BOATRIGHT, dissenting. ¶20 An amendment to the Colorado Constitution prohibits the State from using public funds “directly or indirectly”' for abortion services. Colo. Const, art. V, § 50. That language is very broad. It makes clear that state funds are not to be used in any way to fund abortion services. The amendment does not mention the State’s purpose for using the funds. In fact, the words “intent” or “purpose” are completely absent. Nevertheless, today the majority creates a “purpose” requirement and grafts it onto the amendment. But the plain language of the Constitution does not support such a purpose requirement; instead, the amendment focuses exclusively on how the funds are ultimately used. For this reason, I respectfully dissent. ¶21 Article V, section 50- of the Colorado Constitution states, in relevant part: “No public funds shall be used by the State of Colorado, its agencies or political subdivisions to pay or otherwise reimburse, either directly or indirectly, any person, agency or facility for the performance of any induced abortion.” Based on this language, I believe that a complaint alleging that State funds are being used for abortion services, directly or indirectly, states a sufficient claim for purposes of C.R.C.P. 12(b)(5). The majority, however, holds that a plaintiff must additionally allege that the State made a payment to a person or entity for the purpose of paying for abortion services, and that the party here, Jane Norton, did not make such an allegation. Hence, the majority concludes that Norton’s complaint was properly dismissed for failing to state a claim upon which relief can be granted under C.R.C.P. 12(b)(5).' Maj. op. ¶ 1. ¶22 Motions to dismiss under Rule 12(b)(5) are generally viewed unfavorably. Denver Post Corp. v. Ritter, 255 P.3d 1083, 1088 (Colo. 2011). A complaint will survive a motion to dismiss if, accepting all the factual allegations in the complaint as true, the complaint states a plausible claim for relief. See Warne v. Hall, 2016 CO 50, ¶¶ 9, 24, 373 P.3d 588, 591, 595 (explaining the federal pleading standard and adopting it in Colorado). ¶23 Norton’s complaint begins by describing the amendment at issue, which prohibits the State from directly or indirectly funding abortion services. It then alleges, in detail, that the State provides funds to RMPP, RMPP provides a rent subsidy to its Services Corp., and the Services Corp. performs abortion services. Then, logically following the flow of money from the State to the Services Corp., the complaint alleges that the State has “directly or indirectly subsidized [Planned Parenthood’s Services Corp.].” Therefore, accepting all the factual allegations in the complaint as true, the complaint plausibly articulates,.that the State is indirectly funding abortion services and thus meets the requirements to state a claim for a violation of section 50. ¶24 Yet the majority holds that Norton did not plead sufficient facts because she did not allege that the State paid RMPP for the purpose of performing abortion services. Maj. op. ¶ 18. Of course she did not allege that the State paid RMPP for the purpose of performing abortion services; the plain language of section 50 does not require pay>-ments to be made with the purpose of'performing abortion services. ■ Thus, the only way the majority can conclude that Norton failed to state a claim is to add language to section 50 in the form of a purpose requirement. This it may not do. ¶25 When interpreting a constitutional amendment, we must not add words that the amendment does not contain, see Turbyne v. People, 151 P.3d 563, 567 (Colo. 2007), and we must avoid unreasonable interpretations that lead to absurd results, Huber v. Colo. Mining Ass’n, 264 P.3d 884, 889 (Colo. 2011). As I have-discussed,- the amendment is silent as to the State’s purpose in providing the funds. Prom this silence, the majority extracts a purpose requirement. But 'such, an interpretation would not be necessary if the majority followed the amendment’s plain language, which impopes no such purpose requirement. ■ ■ . ; ■ . ¶26 The majority creates the “purpose” requirement by analyzing the words “pay for” and “indirectly” in the amendment. Maj. op. ¶ 12. In doing so, it relies on our statutory analysis in Keim v. Douglas Cty. Sch. Dist., 2017 CO 81, 397 P.3d 377. See maj. op. ¶¶ 14-17. Keim concerns a dispute that arose when- the Douglas County School Board sent information to potential voters during a pending election. See Keim, ¶ 1, 397 P.3d at 378. We analyzed whether that was a violation of the Colorado Fair Campaign Practices Act (“FCPA”). Id. at ¶¶ 30-34, 397 P.3d at 385-86. The PCPA prohibits political subdivisions of the state from making contributions that would taint the electoral process. Id. at ¶ 23, 397 P.3d at 382. Specifically, the statute prohibits political subdivisions of the state from making contributions “to urge electors to vote in favor of or against” any ballot issue, referred measure, or recall measure. See § l-45-117(l)(a)(I), -C.R.S. (2017). More simply, the statute prohibits a subdivision of the State from making contributions for the purpose of persuading electors. ' Thus, in Keim, the statute in question required us to look at the purpose of the expenditure. ¶27 As such, there ⅛ a fundamental difference between the statute in Keim and the amendment we interpret today; the statute in ‘Keim contained a prohibited purpose for expenditures, while the amendment here contains a prohibited use of expenditures. That difference renders the majority’s reliance on Keim misplaced. ¶28 By focusing on the State’s purpose for providing the- funds, the ■ majority renders section -50 practically unenforceable. Apparently, the State can now give funds to any facility that provides abortion services without running afoul of Colorado’s constitution, so long as the money is not specifically earmarked for abortion services. In my view, that is not what the voters intended in enacting this constitutional amendment. They intended that no taxpayer dollars .be used to fund abortion services. ¶29 Norton’s civil action is at its inception. Only a complaint and a motion to dismiss have been filed. At. this juncture, the only issue is whether the complaint states a claim for relief. The majority concludes that it does not. I disagree. I would instead hold that Norton’s complaint plausibly alleges that the State is indirectly funding abortion services, based on the plain language of article V, section 50, and thus states a claim. At the very least, the majority should remand this ease with instructions to allow Norton :to amend her complaint if she so chooses, so that she may plead facts to meet this -new purpose requirement. ¶30 I therefore respectfully dissent.